UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES L. NERO, individually and on behalf of a class of others similarly situated,<br><br>                        Plaintiff,<br><br>    vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,<br><br>                        Defendants. | 11 C 1072<br><br>Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James L. Nero brought this putative class action against Defendants American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin. He claims that Defendants violated the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-101 *et seq.*, and the Colorado Unfair Competition–Deceptive Practices Act ("CUCDPA"), C.R.S. § 10-3-1101 *et seq.*, and committed breach of contract, fraud, and negligent misrepresentation in connection with an automobile insurance policy that, contrary to the Colorado Auto Accident Reparations Act ("CAARA"), C.R.S. § 10-4-701 *et seq.*, does not provide certain Personal Injury Protection ("PIP") benefits. Invoking 28 U.S.C. § 1404(a), Defendants have moved for transfer to the District of Colorado. The motion is granted.

Nero acquired the policy in 2002, while a resident of Colorado. Doc. 12-1 at 4 (policy lists Nero and insurance agent with addresses in Fort Collins, Colorado). In October 2002, during the policy term, Nero was injured in an automobile accident in Illinois. Shortly thereafter, Nero moved to Illinois and brought suit against the other driver in Illinois state court.

That lawsuit concluded, and one of Nero's lawyers from the tort case represents him in this lawsuit, which was prompted by Defendants' failure to pay Nero benefits that he alleges would (or at least should) have been paid had the policy complied with CAARA. The insurance company employees who adjusted Nero's claim all work in Colorado. Nero now lives in Reedsburg, Wisconsin—a town about 45 miles northwest of Madison—and lived there when this suit was filed. Both Defendants are Wisconsin corporations headquartered in Madison.

The first paragraph of the amended complaint alleges that "Defendants did not offer or produce automobile insurance policies that included [certain PIP benefits] to persons who purchased their automobile insurance in the State of Colorado." Doc. 12 at ¶ 1. That allegation, along with others, strongly suggest that most members of the putative class are Colorado residents. *See also id*. at ¶ 16 ("Defendants did not offer and/or produce [certain] coverage to persons who purchased automobile insurance [policies] in the State of Colorado, in violation of Colorado law."), ¶ 20 ("Defendants have a thorough and sophisticated understanding of the insurance policies they offer to the public in Colorado and of Colorado insurance law."). For good measure, Defendants submitted a declaration from a Colorado branch manager averring that most purchasers of their Colorado insurance policies reside in Colorado. Doc. 15-1. Nero disputes that averment, but he does not (and could not plausibly) contend that a majority or even a substantial minority of the individuals who purchased Defendants' Colorado insurance policies were non-Coloradans or that the Coloradans who did purchase such policies subsequently left Colorado in droves.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of

demonstrating that a transfer is warranted. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Transfer under § 1404(a) is appropriate if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998); *see also Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010). The parties do not dispute that venue is proper in both the Northern District of Illinois and the District of Colorado, so only the convenience factors and interest of justice factors must be considered.

The convenience factors include: (1) plaintiff's choice of forum; (2) this situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. *See Law Bulletin Publ'g*, 992 F. Supp. at 1017. Those factors slightly favor Colorado.

The first convenience factor has little weight in this case. Although a plaintiff's choice of forum generally deserves deference, *see Fed. Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge*, 592 F.2d 364, 368 (7th Cir. 1979), three circumstances substantially reduce the deference owed here. First, Nero resides in the Western District of Wisconsin, not the Northern District of Illinois. *See C. Int'l, Inc. v. Turner Const. Co.*, 2005 WL 2171178, at *1 (N.D. Ill. Aug. 30, 2005) ("Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise.") (collecting cases); 15 Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3848, at 130 (2007) ("if the plaintiff is not a resident of the forum, then the plaintiff's forum choice is entitled to less deference"). Second, Nero filed this action not only for himself, but on behalf of a class—and not just any class, but a class whose members largely hail from Colorado. *See Lou v. Belzberg*,

834 F.2d 730, 739 (9th Cir. 1987) ("when an individual … represents a class, the named plaintiff's choice of forum is given less weight"); *Klutho v. 21st Century Ins. Co.*, 2007 WL 4224296, at *2 (N.D. Ill. Nov. 26, 2007) ("In the context of class actions, courts may also take into consideration the residence of the putative class members.") (citation omitted); *Boyd v. Snyder*, 44 F. Supp. 2d 966, 969-70 (N.D. Ill. 1999) (same). Third, as shown below, Illinois has little connection to this case. *See Colida v. Kyocera Wireless Corp.*, 2003 WL 1741396, at *2 (N.D. Ill. Apr. 1, 2003) ("The weight given to plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim. When the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value.") (citation and quotation marks omitted); Wright, Miller, & Cooper, *supra*, § 3848, at 134 ("the plaintiff's venue choice is to be given less weight if he or she selects a district court with no obvious connection to the case"). These three circumstances, taken together, eliminate nearly all the weight that otherwise would have been accorded Nero's choice of forum. *See Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D. Ill. 1987) (Williams, J.) ("The plaintiff's choice is given less weight when the plaintiff is a non-resident of the chosen forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the chosen forum.").

The second convenience factor, the situs of the material events, favors Colorado. Nero observes that the automobile accident triggering his insurance claim occurred in Illinois, that he received medical treatment in Illinois after the accident, that he brought suit in Illinois against the other driver. Those events, while occurring in Illinois, are not material to this case; even Nero admits that his "treating physicians … are not really what this case is about." Doc. 24 at 2.

Also immaterial is the fact that Defendants communicated to Nero's Illinois counsel the denial of Nero's insurance claim. *See SEC v. Kasirer*, 2005 WL 645246, at *2 (N.D. Ill. Mar. 21, 2005) ("The location of counsel … is not a relevant factor under § 1404(a); otherwise, a plaintiff could manipulate the selection of a forum by its choice of an attorney.") (citation omitted). At its core, this case concerns Nero's acquisition in Colorado of a Colorado insurance policy and the adjustment of Nero's insurance claim in Colorado. Those material events occurred in Colorado. *See Allstate Ins. Co. v. Mathison*, 2002 WL 1396951, at *5 (N.D. Ill. June 26, 2002) (situs of fraud is where representation was made); *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) (situs of contract dispute is where agreement was negotiated and executed).

The third convenience factor, the location of the material evidence, has no weight. It appears that Nero's claims files and other relevant documents are located in Colorado, but Nero correctly asserts that where, as here, "documents are easily transferrable, access to proof is a neutral factor." *Handler v. Kenneth Allen & Assocs., P.C.*, 2011 WL 1118499, at *3 (N.D. Ill. Mar. 24, 2011) (citation omitted); *see also Morris v. Am. Bioscience, Inc.*, 2004 WL 2496496, at *3 (N.D. Ill. Nov. 3, 2004) (the "location of pertinent documents does not militate for or against transfer" because of the "ready availability of photocopying and the relative ease with which documents may be selectively shipped around the country").

The fourth and fifth convenience factors, the location and convenience of parties and witnesses, are relatively neutral. Nero points out that he resides in Reedsburg, that Defendants are headquartered in Madison, and that Wisconsin shares a long border with the Northern District of Illinois. But Reedsburg is 200 miles from the federal courthouse in downtown Chicago, which under the best circumstances makes for just under a four-hour drive, and which with rush hour and/or summer construction traffic requires a drive of five hours or longer.

Driving from Reedsburg to Colorado is not an option, but there are direct commercial flights of two-and-one-half hours between Madison (a short drive from Reedsburg) and Denver. This means that the Northern District of Illinois is, at best, only slightly more convenient than the District of Colorado. The District of Colorado, by contrast, is more convenient than the Northern District of Illinois to Defendants, whose claims adjusters—likely to be key fact witnesses—are located in Colorado. *See Orthoflex, Inc. v. Thermotek, Inc.*, 2010 WL 5069700, at *4 (N.D. Ill. Dec. 3, 2010) ("One consideration in the convenience of the parties analysis is the cost that parties must incur in making their employees available for deposition and trial."). Nero counters that his medical providers are located in Illinois, but as noted above, Nero concedes his "treating physicians … are not really what this case is about." Doc. 24 at 2. Accordingly, the convenience of the parties and witnesses does not strongly favor either forum.

In sum, the convenience factors are largely neutral, with the situs of the material events factor weighing slightly towards Colorado. If the analysis ended there, the court would deny transfer, which can be ordered only if the balance of factors "strongly" favors the defendant's proposed forum. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). But the analysis does not end there. "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978 (citation and quotation marks omitted). The interest of justice factors favor the District of Colorado so strongly that they tip the balance decisively towards transfer.

The first interest of justice factor is neutral. The median time from filing a civil case to disposition is 6.2 months in the Northern District of Illinois and 5.7 months in the District of Colorado. *See* U.S. District Court- Judicial Caseload Profile, http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2010Dec.pl (last viewed July 18, 2011). The median time from filing to trial is 26.1 months in the Northern District of Illinois and 29.1 months in the District of Colorado. *See ibid*. This case likely would proceed at a similar pace in either forum.

The second interest of justice factor, familiarity with the applicable law, strongly favors transfer. "In a diversity action it is … considered advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986); *see also Gen. Accident Ins. Co. v. Travelers Corp.*, 666 F. Supp. 1203, 1207 (N.D. Ill. 1987) (transferring case where it was "clear that Texas insurance law is at the heart of this controversy"). The District of Colorado has far greater familiarity than this District with the CAARA, CUCDPA, and the CCPA—not only in general, but also as applied specifically to the alleged failure of Defendants' automobile insurance policies to provide proper PIP coverage under Colorado law. *See Cahill v. Am. Family Mut. Ins. Co.*, 2009 WL 973565 (D. Colo. Apr. 9, 2009); *Lopez v. Am. Family Mut. Ins. Co.*, 2006 WL 3409909 (D. Colo. Nov. 27, 2006). This consideration strongly favors the District of Colorado. *See Research Automation*, 626 F.3d at 978 (requiring consideration of "each court's relative familiarity with the relevant law"); *Sutherland v. Cybergenics Corp.*, 907 F. Supp. 1218, 1223 (N.D. Ill. 1995).

The third and fourth interest of justice factors, the desirability of resolving controversies in each locale and the relation of each community to the controversy, overwhelmingly favor the District of Colorado. The central question in this litigation is whether Colorado automobile insurance policies purchased in Colorado by a putative class of predominantly Colorado

consumers complied with Colorado law. Compared to Illinois and every other State, Colorado plainly has *the* paramount interest in this litigation, which weighs heavily towards transfer. *See Shakir Dev. Constr., LLC v. Flahrety & Collins, Constr., Inc.*, 2011 WL 2470887, at *4 (N.D. Ill. June 21, 2011) ("Because the apartment complex is located in Indiana, the parties conducted business in Indiana, the agreements were negotiated and executed in Indiana, and the alleged fraud occurred in Indiana, Indiana has a far greater interest than Illinois in resolving this litigation, and a far more significant relationship to the controversy."); *Klutho*, 2007 WL 4224296, at *4 (examining number of putative class members in each forum to determine which has stronger relationship to the controversy); *Federated Dep't Stores, Inc. v. U.S. Bank Nat'l Ass'n*, 2001 WL 503039, at *6 (N.D. Ill. 2001) ("Although the plaintiff correctly urges that the present litigation has a connection to all states because all citizens have an interest in ensuring that banks adhere to the standards of the UCC, Nebraska has a far more defined interest in the present litigation. The citizens of Nebraska have an interest in the actions of their local banks and Nebraska courts have an interest in overseeing their local banks.").

Nero contends that the interest of justice would be ill-served by transfer because the District of Colorado might apply Colorado's three-year statute of limitations rather than Illinois' ten-year limitations period to some of his claims, which would result in those claims being time-barred if the case were transferred but not if transfer were denied. Nero's argument rests on the false premise that this court and the District of Colorado would apply different statutes of limitations. As the Seventh Circuit has explained, "when a federal court transfers the case to another under § 1404(a) … , such a transfer leaves the law unaffected; the original forum's rules (including the choice-of-law rules of the state in which that court sits) are unaffected by the movement." *Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1126 (7th Cir. 1993). The Tenth

Circuit adheres to the same principle. *See Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1219 (10th Cir. 1997) (New York choice-of-law rules apply to case transferred from the Eastern District of New York). Thus, the District of Colorado will apply the same choice-of-law rules in selecting a statute of limitations as this court would have applied had the case remained here. It follows that a transfer would prejudice neither Nero nor the interest of justice in this respect.

In sum, while the convenience factors only slightly favor Colorado, the interest of justice factors overwhelmingly favor Colorado. Accordingly, this case is transferred to the District of Colorado. *See Research Automation*, 626 F.3d at 978 ("The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result."). In so holding, the court offers no view of Nero's assertion of subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) ("the district court [is] not required to determine its own subject-matter jurisdiction before ordering [a] case transferred").

July 19, 2011

                                              United States District Judge